UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENARD PETERSON

     Plaintiff,                                            Case No. 11-15154

v.                                                      Hon. Lawrence P. Zatkoff

ERIC HALL,

     Defendant,

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner proceeding *pro se*, filed a complaint, alleging that Defendant, who is a ARF Resident Unit Officer at the correctional facility in which Plaintiff is housed, willfully closed a cell door on Plaintiff's hand. Plaintiff sustained injuries from the incident and required medical attention. This matter is currently before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation [dkt #18], wherein the Magistrate Judge recommends that Defendant's Motion to Dismiss, or alternatively, for Summary Judgment [dkt 12], be denied because Plaintiff has raised a genuine dispute of fact as to whether Plaintiff's failure to properly exhaust the administrative grievance procedures should be excused. Defendant timely filed an Objection [dkt # 19] to the Report and Recommendation.

After a thorough review of the court file (including the parties' motions and briefs), the Report and Recommendation, and Defendant's Objection to the Report and Recommendation, this Court ADOPTS the Report and Recommendation and enters it as the findings and conclusions of this Court. The Court will, however, briefly addresses Defendant's Objection.

Defendant argues that the Magistrate Judge's Report and Recommendation will have the effect of allowing a prisoner to submit an illegible grievance, which once denied, will be excused by the Court as properly following the grievance procedure. This will permit prisoners to circumvent the prison's grievance procedures and directly file complaints in federal court.

Defendant's conclusion is not supported by the record. While the effect Defendant aptly

points out is of concern, Defendant misreads the Magistrate Judge's Report and Recommendation. The Magistrate Judge correctly noted that the illegibility of Plaintiff's grievance was not the basis for denying Defendant's motion.  Instead, the Magistrate Judge makes clear that a genuine dispute of fact exists as to exhaustion because Plaintiff was unable to create a legible grievance, incapable of following the grievance procedures due to his mental ability, and denied requested (although grievance procedures state assistance may be provided).

Plaintiff, on his own, filed an illegible grievance.  That grievance was denied because it was vague and illegible.  According to the applicable grievance procedures, "Wardens and FOA Area Managers shall ensure prisoners . . . are provided assistance in completing a grievance form," which will be provided by a staff member who is not involved in the grievance.  MDOC PD 03.02.130 ¶ M.  Plaintiff has stated in his affidavit that he asked a unit officer for assistance, who only replied that Plaintiff's "writing is a piece of trash"; he asked to see "unit ARUS Mr. Wade" for assistance and was denied; and he tried to get assistance from Dr. Denza, Plaintiff's psychiatrist.  In addition to the assistance Plaintiff did seek but not receive, Plaintiff points out that the Legal Writer Program which assists him with this case cannot be used to assist a prisoner with grievances.  Other prisoners are also barred from assisting Plaintiff.  According to Plaintiff, after he received no assistance, he believed his only course of action was to appeal the denial of his grievance.  Defendant has not disputed that Plaintiff was denied the assistance he sought.

Notably, neither the Court nor the Recommendation and Report find that Plaintiff *is excused* from exhausting his administrative remedies.  The Court's finding is that a genuine dispute of fact has been raised as to whether Plaintiff *should be excused* from exhausting his administrative remedies.  If additional facts are discovered, Defendant is not precluded from raising exhaustion as a defense to Plaintiff's claim.  More significantly, the Court has made no finding as to the merits of Plaintiff's claim.  Accordingly, the Court is permitting the parties to conduct discovery, specifically concerning exhaustion and the availability of administrative remedies to Plaintiff.

Therefore, for the reasons stated above, the Court hereby ORDERS that Defendant's Motion to Dismiss, or alternatively, for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that the parties may conduct discovery concerning exhaustion and the availability of administrative remedies to Plaintiff.

IT IS FURTHER ORDERED that Defendant may file a renewed motion within 120 days of entry of this Opinion and Order, specifically addressing:

(1) whether the injury to Plaintiff's hand had any affect on his ability to write legibly;

(2) whether Plaintiff asked for assistance and was denied;

(3) whether other assistance was available to Plaintiff; and

(4) whether Plaintiff's failure to exhaust should be excused.

If Defendant files such motion, Plaintiff will be provided an opportunity to respond.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 31, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290