UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENARD PETERSON,

       Plaintiff,

                                          CASE NO. 2:11-CV-15154

   v.                                JUDGE LAWRENCE P. ZATKOFF

                                         MAGISTRATE JUDGE PAUL J. KOMIVES

ERIC HALL,

       Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT (docket #25)

I.    <u>RECOMMENDATION</u>: The Court should grant defendant's motion for summary judgment.

II.    <u>REPORT</u>:

A.    *Background*

Plaintiff Denard Peterson, a state prisoner, commenced this action on November 22, 2011, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. At the times relevant to this action, plaintiff was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. Defendant is Corrections Officer Eric Hall. Plaintiff alleges that on July 26, 2011, defendant was working the unit control panel and asked him to open his cell door. After entering his cell, he grabbed the door handle to close the cell door. Defendant intentionally opened the cell door wider, trapping plaintiff's hand between the door and door track. Plaintiff yelled out to defendant, who looked directly at him and laughed. Defendant kept his hand trapped in the door for 15-20 seconds before closing the door and releasing his hand. *See* Compl., ¶¶ 1-5. Plaintiff alleges that he informed defendant that his finger was bleeding and that he needed medical assistance, but

1

defendant ignored him.  Later in the day, a nurse came to his cell and examined his finger.  She cleaned plaintiff's finger and bandaged it.  Plaintiff alleges that as a result of defendant's actions, he suffered permanent damage to the index and middle fingers of his right hand.  *See id.*, ¶¶ 7-9. Plaintiff seeks nominal and punitive damages.

On March 4, 2013, defendant filed a motion for leave to file a second motion for summary judgment, along with a copy of his proposed motion.[1]  On March 11, 2013, I entered an Order granting defendant's motion.  On March 20, 2013, plaintiff filed a response to defendant's motion for summary judgment, addressing the merits of the arguments raised in defendant's proposed motion for summary judgment.  Defendant actually filed his motion for summary judgment on May 21, 2013.  On May 29, 2013, I entered an Order deeming plaintiff's previously filed response as his response to the motion for summary judgment.  For the reasons that follow, the Court should grant defendant's motion.

B.    *Legal Standards*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit."  *Hedrick*, 355 F.3d at 451-52

---

[1]Defendant first moved for summary judgment on January 23, 2012, arguing that plaintiff had failed to exhaust his administrative remedies.  I filed a Report on July 2, 2012, recommending that the Court deny this motion.  The Court entered an Order adopting my report on July 31, 2012.  In that Order, the Court provided that defendant could file a renewed motion within 120 days of the Order.

(citing *Anderson*, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor.  *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case."  *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case."  *Celotex Corp.*, 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, Fed. R. Civ. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue.  As the Supreme Court has explained, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could

3

reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

It is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. In other words, in order to state a claim under § 1983 "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (per curiam); *see also*, *Carr v. Parker*, No. 98-6395, 1999 WL 1206879, at *1 (6th Cir. Dec. 9, 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998).

C.    *Analysis*

Defendant argues that he is entitled to summary judgment because he was not involved in the incident in which plaintiff's hand was caught in the door, and because in any event plaintiff suffered only a *de minimis* injury not cognizable under the Eighth Amendment. Because plaintiff has failed to show a genuine issue of material fact with respect to whether defendant Hall was involved in the alleged incident, the Court should grant defendant's motion for summary judgment.

In his affidavit, defendant avers that there are typically one or two officers working the control panel, and up to seven additional officers in the housing unit. *See* Br. in Supp. of Def.'s

4

Mot., ¶ 6.  He recalls being informed that plaintiff had his hand pinched in the cell door, but did not witness the incident nor was he involved.  *See id.*, ¶ 5.  Defendant avers that during the 10:45 a.m. lockdown, which is the time plaintiff indicated in his grievance that the injury occurred, he was assisting Assistant Resident Unit Supervisor Wade and Corrections Officer Schultz with a prisoner who was fighting with staff.  He responded to the scene to help subdue the prisoner, and was punched in the face.  Pictures of his injured mouth were taken at 10:55 a.m.  *See id.*, ¶¶ 7-10.  In support of these averments, defendant provides the Critical Incident Report regarding the incident, which indicates that the incident occurred on July 26, 2011, at 10:45, that defendant was involved in the struggle with the prisoner, and that defendant was struck in the mouth with a clenched left fist.  *See id.*, Attachment 2.  The Critical Incident Report includes defendant's statement regarding the incident.  *See id.*  Defendant also provides a copy of the Assault Reporting Form and pictures reflecting his injuries.  *See id.*, Attachment 3.

Plaintiff has not submitted any evidence to contradict defendant's affidavit.  Plaintiff has not submitted his own affidavit, nor is his complaint verified under penalty of perjury.[2]  Moreover, even assuming that plaintiff's complaint can be taken as the equivalent of an affidavit asserting that it was defendant Hall who shut his hand in the door, it would be insufficient to create a genuine issue of material fact.  As a general rule, where in the context of a summary judgment motion the plaintiff's

---

[2]A complaint based on personal knowledge that is verified–that is, signed under penalty of perjury pursuant to 28 U.S.C. § 1746–"serves as the equivalent of an opposing affidavit for the purposes of summary judgment."  *Jackson Hewitt, Inc. v. Greene*, 865 F. Supp. 1199, 1202 (E.D. Va. 1994) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)); *accord Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996) (complaint verified under § 1746 is an "affidavit" for purposes of Rule 56); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes[.]"); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (same).  Here, although the form complaint filed by plaintiff contains a space for plaintiff to sign under penalty of perjury, plaintiff did not in fact sign the complaint.  *See* Compl., at 5.

version of events differs from the defendant's version "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 379 (2007) (internal quotation and alteration omitted). "[T]his usually means adopting . . . the plaintiff's version of the facts." *Id.*; *see also*, *Anderson*, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). As the Court explained in *Scott*, however, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott*, 550 U.S. at 380. Thus, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*[3]

---

[3]Although *Scott* involved a videotape that contradicted the plaintiff's version of events, the rule of *Scott* is applicable to other types of record evidence that blatantly contradict a plaintiff's version. As the Sixth Circuit has recently explained:

There is nothing in the *Scott* analysis that suggests that it should be restricted to cases involving videotapes. The *Scott* opinion does not focus on the characteristics of a videotape, but on "the record." 550 U.S. at 380-81 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record...."; "Respondent's version of events is so utterly discredited by the record...."; "At the summary judgment stage ... once we have determined the relevant set of facts and drawn all inferences in favor of the nonmoving party to the extent supportable by the record ... the reasonableness of [the respondent's] actions ... is a pure question of law." (emphasis added)). Although we have not had occasion to apply the *Scott* analysis to audio recordings, courts routinely look to *Scott* for guidance in determining whether the non-moving party's version of the events is so blatantly contradicted by objective evidence in the record that it fails to create a genuine issue of material fact for trial, even in the absence of a videotape. *See, e.g.*, *White v. Georgia*, 380 Fed. Appx. 796, 798 (11th Cir. 2010) (refusing to credit the plaintiff's testimony that she was shot where the medical records conclusively established that her injuries where not caused by a gunshot); *Carter v. City of Wyoming*, 294 Fed.Appx. 990, 992 (6th Cir.2008) (holding that MRI evidence did not "blatantly contradict" the plaintiff's claim); *Cooper v. City of Rockford*, No. 06-C-50124, 2010 WL 3034181, at *2 n. 3 (N.D. Ill. Aug. 3, 2010) (refusing to credit a witness statement that the victim was running away when he was

Here, other than his own allegation that defendant Hall shut his hand in the door, plaintiff points to no evidence supporting his version of events. Defendant does not rely solely on his own affidavit, but also on MDOC reports and records kept in the ordinary course, that "blatantly contradict" plaintiff's version of events by showing that, at the time plaintiff's hand was allegedly shut in his cell door, defendant Hall was in another area helping control an unruly prisoner. As in *Scott* plaintiff has made no allegation "that th[ese] records [were] doctored or altered in any way, nor any contention that what [they reflect] differs from what actually happened." *Scott*, 550 U.S. at 378. Because these records establish that defendant Hall could not have shut plaintiff's hand in the cell door at the time plaintiff alleges, plaintiff has failed to raise a genuine issue of material fact as to defendant Hall's involvement in the incident, and defendant is therefore entitled to summary judgment. *See Fuller v. Rogner*, No. 06-14352, 2010 WL 779059, at * (E.D. Mich. Mar. 8, 2010) (Ludington, J., adopting report of Binder, M.J.) (plaintiff's deposition testimony that defendant police officer struck him in the head at the jail insufficient to create genuine issue of material fact where police department activity logs indicated that defendant was elsewhere at the time of the alleged assault).

D.    *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has failed to establish a genuine issue of material fact with respect to defendant Hall's involvement in the incident forming

---

shot because the autopsy report was clear that the bullet entered the victim from the front); *see also Shreve v. Jessamine Cnty. Fiscal Ct.*, 453 F.3d 681, 688 (6th Cir. 2006) (suggesting, before *Scott* was decided, that it would be proper to discount the plaintiff's evidence where the defendants' evidence was "so objectively compelling" that no reasonable juror could believe the plaintiff).
*Coble v. City of White House, Tenn.*, 634 F.3d 865, 868-69 (6th Cir. 2011); *see also, Murray-Ruhl v. Passinault*, 246 Fed. Appx. 338, 349 n.2 (6th Cir. 2007) (plaintiff's version of events not sufficient to withstand summary judgment were it was blatantly contradicted by forensic accident report).

7

the basis of his claim.  Accordingly, the Court should grant defendants' motions for summary judgment.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 11, 2013

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Denard

8

Peterson and Counsel of Record on this date.

Dated: July 11, 2013                    s/ Lisa C. Bartlett
                                        Case Manager